

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00348-CR

ZACHARY TYLER SWINFORD,

                                                                        Appellant

 v.

THE STATE OF TEXAS,

                                                                        Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. DC-F201900389

## MEMORANDUM  OPINION

Zachary Swinford was charged in a two-count indictment with the offenses of burglary of a habitation and attempted burglary of a habitation. The jury convicted Swinford of both counts and assessed punishment twenty years confinement and a $10,000 fine in Count 1 and ten years confinement and a $10,00 fine in Count 2. In Count 2, the trial court suspended imposition of the confinement portion of the sentence and placed Swinford on community supervision for ten years.

In two issues on appeal, Swinford argues that the evidence is insufficient to support his convictions for burglary of a habitation and attempted burglary of a habitation. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as

defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.; see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

William Castillo owned property in rural Johnson County. Castillo lived in a travel trailer on the property while he was building a house. Castillo's friend, Patrick Brimer, also lived on the property in a separate travel trailer located close to Castillo's trailer. Swinford lived near Castillo's property.

Castillo testified that he was away for the Thanksgiving holiday when he began receiving alerts at approximately 1:00 a.m. on his cell phone from his video doorbell system. The doorbell system sends an alert to Castillo's phone when the camera is activated by movement. When Castillo returned home after the Thanksgiving holiday, he found that someone had broken into his travel trailer. Castillo testified that a rifle was missing from his travel trailer.

Castillo reviewed the video from his doorbell video system and reported the burglary to the Johnson County Sheriff's Office. Castillo testified that he recognized Swinford in the video recording taken by the doorbell system. Castillo had met Swinford before and frequently saw him at a local gas station where they both went for coffee in

the mornings. Castillo obtained images of Swinford from the gas station video surveillance system and compared them to those he obtained from his doorbell video system. Castillo had no doubt that Swinford was the person seen in the video at the front door of his travel trailer.

Patrick Brimer testified at trial that he was also out of town for Thanksgiving. When Brimer returned home, he observed that someone had attempted to break into his travel trailer. Brimer said that the door of his travel trailer was damaged by someone attempting to pry it open. Castillo showed Brimer the video taken from Castillo's video doorbell system, and Brimer also identified Swinford as the person in the video recording. Brimer testified that from Castillo's doorbell video system, he could see Swinford walking from Castillo's trailer toward his trailer.

Detective Vance Johnson, with the Johnson County Sheriff's Office, testified that he observed the video from the doorbell video camera. He noticed the ballcap the person in the video was wearing had a certain logo. Detective Johnson later obtained an arrest warrant for Swinford. While at Swinford's house to arrest him pursuant to the warrant, Detective Johnson observed a ball cap consistent with the cap worn by the person in the doorbell video. Detective Vance further testified that Swinford resembles the person in the doorbell video.

A person commits the offense of burglary of a habitation if without the effective consent of the owner the person enters a habitation not then open to the public, with

intent to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02 (a) (1) (West 2019). The Texas Penal Code provides that a person commits the offense of criminal attempt if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. TEX. PENAL CODE ANN. § 15.01 (a) (West 2019).

Castillo testified that upon his return home from the Thanksgiving holiday, the front door of his travel trailer was damaged and his rifle, located just inside the front door, was missing. The rifle was there when he left for the Thanksgiving holiday. Castillo identified Swinford as the person in the doorbell security video taken at the time of the incident. Although the video does not show the person in the video with the rifle, the jury is permitted to draw reasonable inferences. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016).

The video from Castillo's doorbell system also shows a person walking between Castillo's trailer and Brimer's trailer. Brimer's front door was damaged when he returned from Thanksgiving, and it appeared that someone tried to pry it open.

The jury watched all of the videos taken from Castillo's doorbell security system. The jury is the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We find that the evidence is sufficient to support Swinford's convictions for

burglary of a habitation and attempted burglary of a habitation.  We overrule Swinford's

first and second issues on appeal.

We affirm the trial court's judgment.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed October 21, 2020
Do not publish
[CR25]

